UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONNA ANDERSON (a.k.a. DONNA MARY ANDERSON, a.k.a. DONNA BODE ANDERSON,<br><br>Defendant. | Case No. C14-0809 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Dkt. #9. Plaintiff seeks ejectment of Defendant from the subject property. *Id.* Defendant has failed to respond to the instant motion. Having reviewed the record before it, and having determined that oral argument is not necessary, the Court now GRANTS Plaintiff's motion for the reasons set forth herein.

## II.   BACKGROUND

The following background is taken from the Complaint, Answer and Plaintiff's Motion for Summary Judgment. By U.S. Marshals' Deed dated January 11, 2010, the United States Department of Agriculture ("USDA"), Farm Service Agency ("FSA") acquired "all right, title, interest and claim which Donna Anderson had" in real property located at 2424 Zell Road,

ORDER
PAGE - 1

Ferndale, Washington 98248 (the "Property"). Dkt. #1 Ex. E at 1. Ms. Anderson admits that FSA has "legal ownership of the property" but has refused to vacate the Property. *See* Dkt. #7 at ¶ 4.1.

In 2000 and 2001, Ms. Anderson executed certain promissory notes to FSA, which were secured, *inter alia*, by the Property. Ms. Anderson subsequently defaulted on her obligations to repay FSA pursuant to the terms of the promissory notes. Dkts. #1 at ¶ 3.2 and #7 at ¶ 4.3. On September 14, 2005, the government filed a civil action against Ms. Anderson in the Western District of Washington (Case No. 2:05-CV-01576-JLR) to recover all amounts due and owing to FSA on the promissory notes. Dkts. #1 at ¶ 3.3 and #7 at ¶ 4.4. On October 20, 2008, the Honorable James L. Robart entered a Final Judgment and Decree of Foreclosure ("Judgment") against Ms. Anderson, which ordered, *inter alia*, the Property "to be sold pursuant to the provision of 28 U.S.C. § 2001, *et seq.*," and permitted the government to bid on and purchase the Property. Concurrently, Judge Robart executed an Order of Sale, which ordered the U.S. Marshal to seize the Property and certain personal property that Ms. Anderson used to secure the promissory notes. Dkts. #1 at ¶ 3.4 and #7 at ¶ 4.5.

On January 9, 2009, FSA purchased the Property at a public auction. FSA's acquisition of the Property was recorded by a U.S. Marshal's Bill of Sale dated March 30, 2009. Dkts. #1 at ¶ 3.5 and #7 at ¶ 4.6. The U.S. Marshal subsequently deeded the Property to FSA, thus transferring to FSA "all right, title, interest and claim which Donna Anderson . . . had." Dkts. #1, at ¶ 3.7 and Ex. E and #7 at ¶ 4.8. On April 26, 2010, the U.S. Marshal's Deed was recorded with the Whatcom County Auditor's office, thus memorializing FSA's legal title to the Property. Dkt. #5, Ex. 2. The instant action followed.

///

ORDER
PAGE - 2

### III. DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Ejectment**

In the instant matter, Plaintiff seeks ejectment of Defendant from the subject property as she has thus far refused to vacate voluntarily. "Ejectment is a remedy for one who, claiming a paramount title, is out of possession." *Bar K Land Co. v. Webb*, 72 Wn. App. 380, 383, 864 P.2d 435, 437 (Div. III 1994); *see also* 28A C.J.S. *Ejectment* § 1 (2014). Pursuant to RCW 7.28.010, "Any person having a valid subsisting interest in real property, and a right to the

ORDER
PAGE - 3

possession thereof, may recover the same by action . . . to be brought against the tenant in possession." *Id.* A plaintiff seeking to eject a party in possession of real property "must win on the strength of his own title, not on the defendant's lack of title." 18 Wash. Prac., *Real Estate* § 11.2 (2d ed. 2014) (citing *Harper v. Holston*, 119 Wn. 436, 442, 205 P. 1062, 1064 (1922)).

Defendant, through her Answer, asserts that she should not be ejected because she filed an administrative claim against the USDA which seeks "title to the property." Dkt. #7 at ¶ ¶ 1.1, 1.4, 1.5, 4.11 and 4.12. However, since the filing of Defendant's Answer, the USDA Claims Administrator has informed Defendant that the Adjudicator "has determined that your claim is **DENIED** . . . **THIS DECISION IS FINAL.**" Dkt. #10, Ex. 4 at 1-2 (emphasis in original). Defendant has no right of appeal from this decision. *See* Dkts. #10, Ex. 4 at 2 and #5; Ex. 3 at § VII.C.

When a party fails to respond to a motion, the Court may deem such failure as an admission that the motion has merit. Local Rule 7(b)(2). Not only has Defendant failed to respond to the instant motion, Plaintiff has presented evidence of its title in the subject property, which Defendant does not dispute. Moreover, Defendant's only defense to ejectment is now moot, and Defendant has no further appeal from the dismissal of her administrative claim. For all of these reasons, the Court grants Plaintiff's motion for summary judgment.

### IV. CONCLUSION

Having reviewed Plaintiff's motion for summary judgment, along with all supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Summary Judgment (Dkt. #9) is GRANTED.

2. Within **forty-five (45) days of the date of this Order**, Defendant Donna Anderson (a.k.a. Donna Mary Anderson, a.k.a. Donna Bode Anderson) shall vacate, and remove all personal property from, the real property located at 2424 Zell Road, Ferndale, Washington 98248, which is owned by the United States Department of Agriculture, Farm Service Agency.

3. This matter is now CLOSED.

DATED this 13th day of March 2015.

	RICARDO S. MARTINEZ
	UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5